UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>U.S. AIRWAYS AMERICAN AIRLINES, INC.,<br><br>  Defendant. | Case No. 19-cv-08434-JSC<br><br>**ORDER RE: PLAINTIFF'S EX PARTE PETITION FOR PERMANENT INJUNCTION**<br><br>Re: Dkt. No. 7 |

Anthony L. Williams sued his prospective employer American Airlines, Inc. in California state court asserting claims for race and age discrimination under the California Fair Employment and Housing Act. (Dkt. No. 1-1, Ex. A.)[1] Defendant removed the action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441.[2] (Dkt. No. 1.) Now before the Court is Plaintiff's "Ex Parte Petition for Permanent Injunction." (Dkt. No. 7.) The petition is procedurally improper. Civil Local Rule 7-10, *Ex Parte* Motions, provides:

> Unless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis. The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought.

Civ. L.R. 7-10. Plaintiff's petition does not "include a citation to the statute, rule or order which permits the use of an ex parte motion to obtain the relief sought," as required. (*See generally* Dkt. No. 7.) On those grounds alone the Court denies the petition.

Further, to the extent Plaintiff seeks a permanent injunction his petition is premature

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 12 & 13.)

because "permanent injunctions are issued at the conclusion of a case after an adjudication on the merits." *See AMI Builders, Inc. v. ThyssenKrupp Elevator Corp.*, No. CV 19-5677 PSG (PJWx), 2019 WL 4221389, at *1 (C.D. Cal. Sept. 5, 2019) (denying as "premature" an ex parte application for a permanent injunction and construing application "as one for a preliminary injunction or a temporary restraining order" ("TRO")). If the Court were to construe Plaintiff's request as one for a preliminary injunction or TRO, it still fails.

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "Under the original *Winter* standard, a party must show 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under the 'sliding scale' variant of the *Winter* standard, if a plaintiff can only show that there are serious questions going to the merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the balance of hardships tips sharply in the plaintiff's favor, and the other two *Winter* factors are satisfied." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff's petition fails under either standard because he is challenging the timeliness of Defendant's removal and does not address the underlying merits of his case.[3] Accordingly, the Court DENIES Plaintiff's petition.

**IT IS SO ORDERED.**

Dated: January 17, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[3] The removal papers demonstrate that Defendant was properly served with the underlying state court complaint on November 27, 2019. (*See* Dkt. No. 1-6, Ex. C at 153-54.) Defendant timely removed the case to federal court 30 days later on December 27, 2019, pursuant to 28 U.S.C. §§ 1441, 1446(b)(1). (*See* Dkt. No. 1.)

1
2
3
4  UNITED STATES DISTRICT COURT
5  NORTHERN DISTRICT OF CALIFORNIA
6
7  ANTHONY L. WILLIAMS,

   Plaintiff,

   Case No. 19-cv-08434-JSC

8
9  v.

   **CERTIFICATE OF SERVICE**

10 U.S. AIRWAYS AMERICAN AIRLINES, INC.,
11 Defendant.

12    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
13 District Court, Northern District of California.
14    That on January 17, 2020, I SERVED a true and correct copy(ies) of the attached, by
15 placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
16 depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
17 receptacle located in the Clerk's office.
18
19 Anthony L. Williams
   2811 Nicol Avenue #6
20 Oakland, CA 94602
21
22 Dated: January 17, 2020
23
24                                    Susan Y. Soong
                                      Clerk, United States District Court
25
26
27 By: _____
28 Ada Means, Deputy Clerk to the
   Honorable JACQUELINE SCOTT CORLEY

3