UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY L. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>Defendant. | Case No. 19-cv-08434-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND; DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 16, 19 |

Anthony L. Williams sued his prospective employer American Airlines, Inc. ("American Airlines" or "Defendant") in California state court asserting claims for race and age discrimination under the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12900 et seq. (Dkt. No. 1-1, Ex. A.)[1] Defendant removed the action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a), 1441. (Dkt. No. 1.) Now before the Court are Plaintiff's motion to remand, (Dkt. No. 16), and Defendant's motion for judgment on the pleadings, (Dkt. No. 19).[2] After careful consideration of the parties' briefing, the Court DENIES Plaintiff's motion and GRANTS Defendant's motion.

## BACKGROUND

### I.     Complaint Allegations

The gravamen of Plaintiff's complaint is that Defendant did not hire him due to his age and race. Plaintiff filed an online application for employment as a mechanic with Defendant's

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).   (Dkt. Nos. 12 & 13.)

predecessor, US Airways, Inc. ("US Airways"),[3] in July 2015. (Dkt. No. 1-1, Ex. A at 11.)

Plaintiff was qualified for the position at the time he applied and remains qualified. (*Id.* at 12.)

Plaintiff emailed the airline in September 2015 requesting an update on the status of his

application and received "a reasonable response" indicating that his file was "currently under

review." (*Id.* at 11, 35.) After receiving that response, Plaintiff noticed that the position had

"simply disappeared." (*Id.* at 11.) US Airways then "reposted and reclassified" the mechanic's

position in December 2015. (*Id.* (emphasis omitted).) Plaintiff was not selected for the position

nor offered an interview. (*Id.* at 32.)

Plaintiff contacted the EEOC on December 27, 2015. (*Id.* at 12.) He then filed with the

EEOC a formal "Charge of Discrimination" against US Airways in April 2016. (*Id.* at 32.) The

form lists the California Department of Fair Employment & Housing ("DFEH") as the state or

local agency, and asserts race discrimination in violation of Title VII of the Civil Rights Act of

1964 and age discrimination in violation of "The Age Discrimination in Employment Act of

1967." (*Id.*) On June 27, 2017, the EEOC issued Plaintiff a right-to-sue notice. (*Id.* at 30.)

## II.     Previous Action

On August 25, 2017, Plaintiff filed a complaint against American Airlines and US Airways

in the Superior Court of California, County of Alameda asserting FEHA claims for employment

discrimination based on race and age, pursuant to California Government Code § 12940(a). (*See*

Dkt. No. 19-1, Ex. A at 8.)[4] The complaint was based on the same factual allegations discussed

above. (*See id.* at 9-15.) American Airlines timely removed the action to federal court, (*see* Dkt.

No. 19-1, Ex. B), and the district court dismissed the action with prejudice for failure to prosecute

---

[3] Defendant's notice of removal states that US Airways merged with American Airlines in December 2016 and is no longer an entity. (Dkt. No. 1 at ¶ 14.) Thus, American Airlines is the only defendant in the instant action and the Court has adjusted the caption of this case accordingly.
[4] In conjunction with its motion for judgment on the pleadings, Defendant requests judicial notice of the filings in the previous action, *Williams v. U.S. Airways, et al.* (N.D. Cal. No. 3:17-cv-05617-JD). (*See* Dkt. No. 19-1, Exs. A-F.) Judicial notice is appropriate for "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). Accordingly, the Court takes judicial notice of the proffered documents. Defendant also requests judicial notice of a January 2020 certificate from the DFEH. (*See* Dkt. No. 19-1, Ex. G.) Courts may take judicial notice of "[r]ecords and reports of administrative bodies." *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Thus, the Court takes judicial notice of Defendant's exhibit G.

on November 14, 2017, (Dkt. No. 19-1, Ex. C). Plaintiff filed a motion for reconsideration thereafter, and the district court modified its dismissal to "without prejudice" on November 28, 2017. (Dkt. No. 19-1, Ex. D.) Plaintiff petitioned the Ninth Circuit for a writ of mandamus in March 2018, (Dkt. No. 19-1, Ex. E), and the Ninth Circuit denied the petition on May 22, 2018, (Dkt. No. 19-1, Ex F).

### III. Procedural History

Plaintiff filed the instant action against Defendant in the Superior Court of California, County of Alameda on May 21, 2018. (Dkt. No. 1-1, Ex. A.) The complaint is substantively identical to the complaint in the previous action, references the previous action as a "related case," and asserts the same FEHA claims for employment discrimination based on race and age, under California Government Code § 12940(a). (*See id.* at 6-15.) After the state court deemed Plaintiff's multiple, previous attempts to serve Defendant with the summons and complaint procedurally improper,[5] Plaintiff properly served Defendant on November 27, 2019. (*See* Dkt. No. 1-6, Ex. C at 153-54.) Defendant timely removed the case to federal court 30 days later on December 27, 2019, pursuant to 28 U.S.C. §§ 1441, 1446(b)(1). (*See* Dkt. No. 1.)

On January 3, 2020, Plaintiff filed an "Ex Parte Petition for Permanent Injunction," (Dkt. No. 7), which the Court denied as procedurally improper and deficient on the merits, (Dkt. No. 14). Plaintiff filed the instant motion to remand thereafter. (Dkt. No. 15). The motion is fully briefed. (*See* Dkt. Nos. 18 & 22.) Defendant filed its motion for judgment on the pleadings on February 4, 2020. (Dkt. No. 19.) The motion is also fully briefed. (*See* Dkt Nos. 23 & 24.) After reviewing the parties' submissions, the Court determined that oral argument was unnecessary and vacated the hearing scheduled for March 19, 2020. (Dkt. No. 26.)

---

[5] On August 16, 2018, Plaintiff filed in state court a "proof of service" and request for default judgment against American Airlines. (Dkt. No. 1-5, Ex. C at 106). The court denied the request, finding that Plaintiff failed to establish valid service. (Dkt. No. 1-6, Ex. C at 3.) Further, on October 9, 2018, the court granted American Airlines' motion to quash service of summons and complaint, finding that plaintiff's service on American Airlines "was procedurally defective for multiple reasons." (*Id.* at 52.) Plaintiff appealed that ruling, and the court of appeal granted American Airlines' motion to dismiss the appeal. (*Id.* at 105.) In orders dated September 17, 2019 and November 9, 2019, the state court noted that Plaintiff had yet to properly serve American Airlines. (*Id.* at 127, 139.) Defendant was properly served on November 27, 2019. (*See id.* at 153-54.)

**DISCUSSION**

I.      **Motion to Remand**

    A.      **Diversity Jurisdiction and Removal Generally**

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Subject matter jurisdiction may arise from either "federal question jurisdiction" or diversity jurisdiction. *Id.* Here, Defendant does not assert that federal question jurisdiction exists, and instead based its removal on diversity jurisdiction.  (*See* Dkt. No. 1 at 2.)  Diversity jurisdiction requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1).  Complete diversity means that "each defendant must be a citizen of a different state from each plaintiff."  *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008).

A defendant seeking removal to federal court "bears the burden of establishing that removal is proper," and the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Thus, the Court's jurisdiction over this action turns on whether Defendant has demonstrated that all parties to the case are diverse and the amount in controversy exceeds $75,000.  Defendant has done so.

    B.      **The Court Has Subject Matter Jurisdiction**

        1.      **Diversity of Citizenship**

There is no dispute that Plaintiff is a citizen of California, as asserted in the notice of removal.  (*See* Dkt. No. 1 at ¶ 11.)  As for Defendant, for purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Defendant's notice of removal includes the declaration of Corporate

Secretary for American Airlines, Caroline B. Ray, who attests that American Airlines is a Delaware corporation with its principal place of business in Texas. (Dkt. No. 1-7 at ¶ 1-3.)

Plaintiff recognizes that Defendant is incorporated in Delaware and has its "Nerve Center" in Texas but asserts that American Airlines is also a citizen of California because it pays "wage, fuel and operational taxes" in California. (*See* Dkt. No. 16 at 2.) Plaintiff is wrong. A corporation is only a citizen of its state of incorporation and "where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1). The Supreme Court has explained that "principal place of business" refers to a corporation's "nerve center," where its "officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (noting that "in practice it should normally be the place where the corporation maintains its headquarters"). Here, Ms. Ray attests that most of Defendant's "corporate officers and principal executives work from the . . . Texas headquarters" and "[m]ost of the corporate-wide decisions relating to its operations are made" from there, as well. (Dkt. No. 1-7 at ¶ 3.)

Accordingly, diversity of citizenship exists because Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Texas.

### 2.    Amount in Controversy

Plaintiff asserts that the amount in controversy does not exceed $75,000. (Dkt. No. 16 at 8-9.) Plaintiff's state court complaint seeks monetary damages that include: back pay with interest "since July 17, 2015," "front pay (future lost earnings)," "damages for emotional distress," and punitive damages. (Dkt. No. 1-1, Ex. A at 17-18.) The complaint does not specify a total amount of monetary damages.

As the Ninth Circuit has held:

> [I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75,000]. Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount.

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A defendant can satisfy its burden by presenting "summary-judgment-type evidence relevant to the amount in controversy

5

at the time of removal," such as affidavits or declarations, in addition to the facts asserted in the removal petition. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotation marks and citation omitted).

In determining the amount in controversy, courts "must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (noting that because punitive damages are available under FEHA, courts "may consider punitive damages when determining the amount in controversy"). Further, "emotional distress damages may be considered when calculating the amount in controversy even when they are not clearly pled in the complaint." *Simmons*, 209 F. Supp. 2d at 1034.

Here, Defendant has satisfied its burden by demonstrating that Plaintiff's request for back pay alone exceeds the amount-in-controversy requirement. The notice of removal cites the declaration of Ms. Ray, who attests that: "The Mechanic A-P position for which Plaintiff . . . applied in July 2015 had a base salary of $21.79/hour, along with a potential shift differential of $0.51 to $0.61. The Mechanic A-P position was a full-time position, approximately 40 hours per week." (Dkt. No. 1-7 at ¶ 5.) As Defendant states in the notice of removal, "the position paid approximately $45,000 per year ($21.79/hour x 40 hours x 52 weeks)." (Dkt. No. 1 at ¶ 17.) Thus, at the time of removal in December 2019, "the current amount of lost wages claimed by Plaintiff exceed[ed] $200,000." (*Id.*)

Plaintiff argues that the back pay accrued for only a seven-month period from July 2015 to February 3, 2016 based on Defendant's "[d]efault to the EEOC," and totals only $25,088.00. (Dkt. No. 16 at 9.) Plaintiff fails to explain how the purported "default" acts to cap the complaint's request for back pay at seven months, and for a period that occurred more than two years before he filed his complaint. Indeed, the complaint does *not* allege that his request for back

pay is capped.  (*See generally* Dkt. No. 1-1, Ex. A at 16 (demanding "Full Backpay with full Interest; and Benefits including Vacation, Pension Payments, Company and Union Seniority prorated since July 17, 2015 [sic]").)

In any event, Plaintiff's argument fails because the notice of removal demonstrates that it is more likely than not that Plaintiff's request for back pay, emotional distress damages, and punitive damages collectively exceed the jurisdictional threshold.  (*See* Dkt. No. 1 at ¶¶ 18-19.) "To establish probable punitive damages, [a] defendant may introduce evidence of jury verdicts" in similar cases. *Simmons*, 209 F. Supp. 2d at 1033 (noting that notwithstanding distinguishable facts, cited jury verdicts "amply demonstrate[d] the potential for large punitive damage awards in employment discrimination cases").  Defendant's notice of removal cites a jury verdict in an employment discrimination case asserting claims under FEHA with a punitive damage award of $1,905,000.  (*See* Dkt. No. 1 at ¶ 19 (citing *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719-20 (2009)).)  Similarly, Defendant's notice of removal cites cases involving emotional distress damages in FEHA employment discrimination cases exceeding $500,000.  (*See id.* at ¶ 18 (citing among others *Massey v. City of Long Beach*, JVR No. 1509220063, 2015 WL 5578119 (Cal. Super. Ct. Sept. 4, 2015) (awarding $520,119 in compensatory damages for pain and suffering in FEHA race discrimination case); *Beasley v. E. Coast Foods, Inc.*, JVR No. 1509250073, 2015 WL 5678367 (Cal. Super. Ct. Sept. 8, 2015) (awarding $1,500,000 in compensatory damages for pain and suffering in FEHA race discrimination case)).)  While the facts of those cases are not "perfectly analogous," they indicate "that emotional distress damages in a successful employment discrimination case may be substantial."  *See Simmons*, 209 F. Supp. 2d at 1034.

In sum, Defendant has demonstrated that it is more likely than not that the amount in controversy exceeds $75,000.

Plaintiff's other arguments in support of remand are similarly unavailing.  First, Plaintiff argues that removal was improper because federal question jurisdiction is lacking.[6]  (Dkt. No. 16

---

[6] Plaintiff's complaint is captioned, in pertinent part: A Refiled Complaint For Injunctive Relief and Damages For Employment Discrimination, Pursuant to the California Fair Housing Act §§ 12900-12996 "in re: Title VII of the Civil Rights Act of 1964."  (Dkt. No. 1-1, Ex. A at 2.)  The complaint includes references to multiple federal statutes, including "the Equal Employment Act

at 5-8.)  However, the lack of federal question jurisdiction is of no moment because Defendant based its removal solely on diversity jurisdiction and has satisfied its burden of showing that such jurisdiction exists.  Second, Plaintiff's reply brief asserts that remand is required because Defendant failed to timely remove this action.  Not so.  As previously discussed, the removal papers demonstrate that Defendant was properly served with the underlying state court complaint on November 27, 2019.  (*See* Dkt. No. 1-6, Ex. C at 153-54.)  Defendant timely removed the case to federal court 30 days later on December 27, 2019, pursuant to 28 U.S.C. §§ 1441, 1446(b)(1). (*See* Dkt. No. 1.)

***

Defendant has met its burden of establishing that removal was proper and subject matter jurisdiction exists.  Accordingly, the Court denies Plaintiff's motion to remand.[7]

## II.     Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A court considering a Rule 12(c) motion must accept the plaintiff's allegations as true and construe the complaint "in the light most favorable to the plaintiff."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).  A court need not, however, accept conclusory allegations as true.  *Id.*  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). In considering a Rule 12(c) motion, a court must limit its review to the complaint and attachments

---

of 1991," and "Title VII, the ADA, the ADEA, [and] the EPA," among others.  (*See id.* at 4.) However, the complaint specifically asserts only FEHA claims for employment discrimination based on race and age, under California Government Code § 12940(a), (*see id.* at 6-7), requests relief under "California Government Code §§ 12926-12940," and lists "remedies under California law" pursuant to DFEH authority, (*see id.* at 17-18).  Further, Plaintiff's motion to remand asserts that "[n]either on its face, nor in the text of the California complaint is a federal question ever evoked or argued."  (*See* Dkt. No. 16 at 5.)

[7] The Court does not address Plaintiff's arguments regarding the Due Process Clause of the United States Constitution and Defendant's alleged "administrative default" regarding Plaintiff's EEOC complaint because the arguments are incomprehensible as stated, (*see* Dkt. No. 16 at 8-16), and Defendant has satisfied its burden of demonstrating that diversity jurisdiction exists.

to the complaint, documents incorporated by reference, and "facts that are contained in materials of which the court may take judicial notice." *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999).

Defendant moves for judgment on the pleadings on the grounds that: (1) Plaintiff failed to exhaust his administrative remedies; and (2) Plaintiff's claims are time-barred.

## A.    Plaintiff Failed to Exhaust Administrative Remedies

Defendant asserts that Plaintiff failed to exhaust his administrative remedies because he did not receive a right-to-sue notice from the DFEH. The Court agrees. Under FEHA, the DFEH is the administrative agency tasked with "receiv[ing], investigat[ing,] and conciliat[ing] complaints of unlawful employment discrimination." *Kim v. Konad USA Distrib., Inc.*, 226 Cal. App. 4th 1336, 1345 (2014). "Before filing a civil action alleging FEHA violations, a [complainant] must exhaust his or her administrative remedies with DFEH." *Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (2011). "Exhaustion includes the timely filing of administrative complaints addressing the claims and parties at issue, as well as the procurement of right-to-sue letters." *Kim*, 226 Cal. App. 4th at 1345. "The purpose of FEHA's administrative exhaustion requirement is to ensure DFEH is provided the opportunity to resolve disputes and eliminate unlawful employment practices through conciliation." *Wills*, 195 Cal. App. 4th at 156. Thus, "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000). The plaintiff "bears the burden of pleading and proving timely filing of a sufficient complaint with the DFEH and obtaining a right-to-sue notice." *Jumaane v. City of Los Angeles*, 241 Cal. App. 4th 1390, 1402 (2015) (internal quotation marks and citation omitted).

As previously discussed, Plaintiff's complaint includes as an attachment an EEOC "Charge of Discrimination" form received by the EEOC on April 5, 2016. (Dkt. No. 1-1, Ex. A at 32.) The form lists the DFEH as the state or local agency and asserts race discrimination in violation of Title VII of the Civil Rights Act of 1964 and age discrimination in violation of "The Age Discrimination in Employment Act of 1967." (*Id.*) The complaint also includes a right-to-sue notice from the EEOC dated June 27, 2017. (*See id.* at 30.) The complaint does *not* include a

right-to-sue notice from the DFEH regarding Plaintiff's claims under FEHA.

In support of its motion, Defendant submits a "Determination in Response to Public Records Request" issued by DFEH. (Dkt. No. 19-1, Ex. G.) The response, dated January 2, 2020, indicates that DFEH has no records responsive to Defendant's request for "Records of: Anthony Williams/US Airways, American Airlines." (*Id.* at 65.) Plaintiff's opposition includes the April 2016 EEOC Charge of Discrimination form listing DFEH, (*see* Dkt. No. 23 at 8), but Plaintiff does not address the lack of a DFEH issued right-to-sue notice as to his claims under FEHA.

"An EEOC right-to-sue letter does not satisfy the jurisdictional requirement of exhaustion of administrative remedies as to FEHA actions." *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1099 n.2 (1997); *see also Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1726 (1994) ("[A]n EEOC right-to-sue notice satisfies the requirement of exhaustion of administrative remedies *only* for purposes of an action based on Title VII."). Indeed, courts in this Circuit have concluded that FEHA claims fail where the plaintiff obtained only an EEOC right-to-sue notice. *See, e.g., Harris v. Thomas*, No. 15-cv-02510-JCS, 2015 WL 7015412, at *4 (N.D. Cal. Nov. 12, 2015); *Castillo v. Garrett*, No. 1:13-CV-00412-LJO-BAM, 2014 WL 4792585, at *8 (E.D. Cal. Sept. 24, 2014) (citing *Dang v. Solar Turbines Inc.*, 452 Fed. App'x 804 (9th Cir. 2011)); *Gordon v. The Bay Area Quality Mgmt. Dist.*, No. C08-3630 BZ, 2010 WL 147953, at *1 (N.D. Cal. Jan. 12, 2010); *Dang v. Solar Turbines Inc.*, No. 07cv520-MMA (POR), 2009 WL 10671924, at *6 (S.D. Cal. Apr. 8, 2009); *Prejean v. Lynwood Unified Sch. Dist.*, No. CV 07-05053 DDP (CTx), 2008 WL 11340320, at *1 (C.D. Cal. Apr. 7, 2008); *Chambers v. City of Berkeley*, No. C 00-3845 SI, 2002 WL 433606, at *3-4 (N.D. Cal. Mar. 18, 2002).

In the absence of a right-to-sue notice from the DFEH, Plaintiff has not met his burden of demonstrating exhaustion of administrative remedies as to his FEHA claims. Plaintiff's opposition does not assert that he received a right-to-sue notice from the DFEH; instead, he appears to argue that the EEOC right-to-sue notice is sufficient. (*See* Dkt. No. 23 at 3-4.) Plaintiff is wrong. Accordingly, Defendant is entitled to judgment as a matter of law.

Plaintiff's argument that Defendant's Rule 12(c) motion is procedurally improper because it purportedly conflicts with the Northern District's Alternative Dispute Resolution ("ADR")

Local Rules does not save his claims. Plaintiff cites no authority for the proposition that a defendant cannot file Rule 12(c) motion without first engaging in the ADR process; further, the parties have not yet been referred to the Court's ADR process pursuant to ADR Local Rule 2-3.

### B. Plaintiff's Complaint is Otherwise Time-Barred as to any Federal Claims

Defendant asserts that Plaintiff's claims must also be dismissed because they are time barred; specifically, Plaintiff filed the instant complaint outside the 90-day limitations period for civil actions based on an EEOC right-to-sue notice. (Dkt. No. 19 at 10 (citing 42 U.S.C. § 2000e-5(f)(1)).) The Court need not address that argument, however, because the EEOC notice involves only federal claims. (*See* Dkt. No. 19 at 10 ("You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**[,] or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)").) As previously discussed, the complaint specifically asserts only FEHA claims for employment discrimination based on race and age, under California Government Code § 12940(a), (*see* Dkt. No. 1-1, Ex. A at 6-7), requests relief under "California Government Code §§ 12926-12940," and lists "remedies under California law" pursuant to California Department of Fair Employment & Housing authority, (*see id.* at 17-18). Further, Plaintiff's motion to remand insists that his complaint does *not* assert federal claims. (*See* Dkt. No. 16 at 5 ("Neither on its face, nor in the text of the California complaint is a federal question ever evoked or argued.").) Thus, the EEOC right-to-sue letter has no bearing on Plaintiff's claims under FEHA.

That said, to the extent Plaintiff's complaint could be liberally construed as asserting federal claims based on its multiple references to Title VII, the ADEA, other federal statutes, and the EEOC investigation, the Court agrees that the complaint is time-barred. The timely filing of an initial, but later dismissed complaint does not toll or suspend the 90-day statute of limitations after receipt of an EEOC notice-to-sue letter. *See O'Donnell v. Vencor, Inc.*, 465 F.3d 1063, 1066 (9th Cir. 2006) (finding Title VII and ADEA claims untimely because plaintiff "filed her second complaint more than ninety days after the EEOC's issuance of her right-to-sue letter"). Further, the complaint in this action does not "relate back" to the complaint in the first action because the

"second complaint was not an 'amendment' to [the] first complaint, but rather a separate filing" in an entirely new action. *See id.* (quoting Fed. R. Civ. P. 15(c)).

Plaintiff's opposition does not assert that the doctrines of equitable tolling, equitable estoppel, or laches apply to save his complaint. Indeed, Plaintiff's opposition does not even address Defendant's argument that Plaintiff's claims are time-barred. Because Plaintiff is proceeding without an attorney, the Court *sua sponte* addresses the application of those doctrines and concludes that none apply.

First, equitable tolling does not apply under these circumstances. *See id.* ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the ninety-day limitations period."). Plaintiff filed his complaint in the previous action on August 25, 2017, 59 days after receiving the June 2017 EEOC right-to-sue notice. The court dismissed that action without prejudice 81 days later on November 14, 2017; 140 days after the issuance of the EEOC right-to-sue notice. In other words, at the time of dismissal "there was no longer any time left in the [90]-day limitations period to equitably toll." *See id.* Even if the Court were to exclude the pendency of the prior action, which the Court need not do under *O'Donnell*, the complaint is outside the 90-day limitations period. Plaintiff filed his appeal in the previous action on March 7, 2018—99 days after the court responded to Plaintiff's motion for reconsideration and modified its dismissal to "without prejudice." (*See* Dkt. No. 19-1, Ex. D.) Thus, 158 days lapsed outside of the pendency of the prior action.

Second, equitable estoppel does not apply because there is no "evidence of improper purpose on the part of the [D]efendant, or of the [D]efendant's actual or constructive knowledge of the deceptive nature of its conduct" as related to the 90-day limitations period. *See O'Donnell*, 465 F.3d at 1067. Indeed, the limitations period had run during the pendency of the prior action. Defendant timely removed the prior action on September 28, 2017 after service of the complaint and summons on August 29, 2017. (Dkt. No. 19-1, Ex. B at ¶¶ 1-4.) Defendant then moved to dismiss the action on October 5, 2017, and the court granted dismissal for failure to prosecute on November 14, 2017. (Dkt. No. 19-1, Ex. C.) At that point, the limitations period had run.

Finally, laches does not apply. "To successfully establish laches, a party must show that

(1) there was inexcusable delay in the assertion of a known right and (2) the party asserting laches has been prejudiced." *O'Donnell*, 465 F.3d at 1067. Here, there is no showing of inexcusable delay by Defendant in asserting a statute of limitations grounds for dismissal. Plaintiff filed the instant action on May 21, 2018—over 320 days after the EEOC issued the right-to-sue notice. Plaintiff did not properly serve Defendant with summons and the complaint until November 27, 2019, and Defendant timely removed the complaint to this Court 30 days later on December 27, 2019. At that point, the 90-day limitations period had long since expired; thus, Defendant's motion for judgment on the pleadings 40 days after removal does not evince "inexcusable delay."

Accordingly, judgment on the pleadings in Defendant's favor is warranted because Plaintiff's federal claims, if any are made, are time-barred as a matter of law.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion to remand and grants Defendant's motion for judgment on the pleadings.

This Order disposes of Docket Nos. 16 and 19.

**IT IS SO ORDERED.**

Dated: March 23, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge